USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLEN ELIZABETH TARR,

      Plaintiff,

-v.-

CLOTHING ARTS, LTD.,

      Defendant.

---

23 Civ. 9319 (JHR)

DEFAULT JUDGMENT

JENNIFER H. REARDEN, District Judge:

  On October 23, 2023, Plaintiff Ellen Elizabeth Tarr initiated the instant action for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, and the New York State Human Rights Law, N.Y. Exec. Law §§ 292 *et seq.*  ECF No. 1.  On November 7, 2023, Defendant Clothing Arts, Ltd. was served with process.  ECF No. 6.  Defendant's answer was therefore due on November 28, 2023.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

  In response to the Complaint, Defendant's owner, Adam Rapp, submitted two letters *pro se*.  ECF Nos. 7, 15.  But a corporation, which is an artificial entity, may only appear in federal court through a licensed attorney.  *See* 28 U.S.C. § 1654; *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("Although 28 U.S.C. § 1654 . . . provides that '[i]n all courts of the United States[,] the parties may plead and conduct their own cases personally or by counsel,' it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").  Accordingly, Defendant failed to answer or otherwise appear.

  On February 6, 2024, upon Plaintiff's application, ECF No. 16, the Clerk of Court issued a certificate of default, ECF No. 18.  On February 12, 2024, Plaintiff moved for a default

judgment pursuant to Federal Rule of Civil Procedure 55.  ECF No. 19.  Defendant did not oppose the motion.

On March 21, 2025, the Court issued an order directing Defendant to show cause, by March 31, 2025 at 12:00 p.m., why a default judgment was not warranted.  ECF No. 24.  On March 25, 2025, Plaintiff served the Court's Order on Defendant.  ECF No. 25.  Defendant has not responded to the Order or otherwise appeared.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions.  Because proof of service has been filed; Defendant failed to answer the Complaint; the time for doing so has expired; and Defendant has failed to appear to contest the entry of a default judgment, the Court enters a default judgment for Plaintiff against Defendant on all claims, with injunctive and compensatory relief to be determined at an inquest, plus costs, interest, and attorneys' fees to be determined based on a subsequent submission.

By separate Order, the Court will refer this case to Magistrate Judge Gabriel W. Gorenstein for an inquest into injunctive relief and damages.  By **April 2, 2025**, Plaintiff shall serve this Order upon Defendant and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 19.

SO ORDERED.

Dated: March 31, 2025
New York, New York

                                                  JENNIFER H. REARDEN
                                                  United States District Judge